MCGREGOR W. SCOTT
United States Attorney
GRANT B. RABENN
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:18-CR-00238-JAM |
|---|---|
| Plaintiff, | DEFERRED PROSECUTION AGREEMENT |
| v. | DATE: February 9, 2020 |
| TIARRA MAUREEN JACKSON, | TIME  9:00 a.m. |
|  | COURT: Hon. John A. Mendez |
| Defendants. |  |

    The United States of America, by and through GRANT B. RABENN, Assistant United States Attorney, and defendant TIARRA MAUREEN JACKSON, and her attorney, KRESTA DALY, hereby enter into this Deferred Prosecution Agreement (the "Agreement"):

    1.    This document contains the complete Agreement between the United States Attorney's Office for the Eastern District of California (the "United States") and defendant TIARRA MAUREEN JACKSON regarding this case. This Agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

    2.    Defendant accepts and acknowledges responsibility for her conduct, as stated in the Factual Statement set forth below, and also accepts the accuracy of the Factual Statement.

    3.    Defendant expressly agrees that she shall not, either directly or through her attorneys or agents make any public statement contradicting any statement of fact contained in the Factual Statement.

1  Any such contradictory statement by the defendant or her attorneys or agents shall constitute a breach of
2  this Agreement, and she would thereafter be subject to prosecution pursuant to the terms of this
3  Agreement.  The decision of whether any statement by any such person contradicting a fact contained in
4  the Factual Statement will be imputed to the defendant, for the purpose of determining whether the
5  defendant has breached this Agreement, shall be in the sole and reasonable discretion of the United
6  States.   This paragraph applies to any statement made by or on behalf of the defendant during the six (6)
7  month period from entry of the Court order approving this agreement.

8        4.      Defendant expressly agrees that she will comply with all of the currently imposed terms
9  of pretrial release.

10        5.      In consideration of the defendant's willingness to:  (i) acknowledge responsibility for her
11  conduct, as detailed in the Factual Statement, and (ii) cooperate with the United States for purposes of
12  ensuring her compliance with the terms of this Agreement; and (iii) cooperate with the United States in
13  providing information and testimony related to the above-captioned criminal case, the United States
14  recommends that prosecution of defendant JACKSON on the indictment deferred for a period of six (6)
15  months.

16        6.      Defendant further understands and agrees that this Agreement does not address or limit,
17  in any respect, any civil and/or regulatory claims of the United States or any agency thereof.

18        7.      Defendant JACKSON shall consent to a motion to be filed by the United States with the
19  Court promptly upon execution of this Agreement, pursuant to 18 U.S.C. § 3161(h)(2), in which the
20  United States will present this Agreement to the Court and move for (i) a continuance of all further
21  criminal proceedings, including trial, for a period of six (6) months, (ii) speedy trial exclusion of all time
22  covered by such a continuance, and (iii) approval by the Court of this deferred prosecution.  Defendant
23  JACKSON further agrees to waive, and does hereby expressly waive, any and all rights to a speedy trial
24  pursuant to the Sixth Amendment of the United States Constitution, Title 18, United States Code,
25  Section 3161, Federal Rule of Criminal Procedure 48(b), and any applicable Local Rules of the United
26  States District Court for the Eastern District of California, for the period of time that this Agreement is
27  in effect.

28        8.      With respect to any violations of Title 21 of the United States Code (also referred to as

the Controlled Substances Act) set forth in the indictment against defendant JACKSON (specifically, Counts 1-5), defendant JACKSON hereby further expressly agrees that any applicable statutes of limitations are tolled, and shall not run, for the time period in which this Agreement is in effect. Any such violations that were not time-barred by the applicable statute of limitations as of the date of this Agreement, may, in the sole discretion of the United States, be charged against defendant JACKSON upon the United States' discovery of any breach of this Agreement. Defendant JACKSON agrees that, if the United States institutes charges following a breach of this Agreement, the time period in which this Agreement is in effect shall be excluded, and shall not count for purposes of determining the running of any applicable statute of limitations. Defendant JACKSON also agrees that, in the event of a breach of this Agreement, the government will be free to use against defendant, directly and indirectly, in any criminal or civil proceeding, any of the statements, information, and/or materials provided by defendant pursuant to this Agreement.

9. The United States agrees that, if defendant JACKSON is in full compliance with all of her obligations under this Agreement upon the expiration of the six (6) month period set forth above, within thirty (30) days of the expiration of such time period the United States shall seek dismissal with prejudice, as to defendant JACKSON, of the indictment as it pertains to her, specifically, Counts 1 through 5.

10. Defendant JACKSON understands that this Agreement to defer prosecution is subject to approval by the Court, in accordance with 18 U.S.C. § 3161(h)(2). Should the Court decline to approve a deferred prosecution for any reason, the United States and defendant JACKSON are released from any obligation imposed upon them by this Agreement.

11. Should the United States determine during the term of this Agreement that the defendant has committed any crime commenced subsequent to the date of this Agreement, the defendant shall, in the sole discretion of the United States, thereafter be subject to prosecution for such federal crimes, as well as subject to forfeiture of assets used in and divestiture of profits derived from defendant's criminal conduct.

12. Except in the event of a breach of this Agreement, the United States agrees that it will not bring any additional charges against defendant JACKSON arising from the facts contained in the Factual

Statement set forth in the following paragraph.  Defendant JACKSON understands and acknowledges that this Agreement does not relate to or cover any conduct by defendant JACKSON other than the conduct set forth in the Factual Statement.

13. Defendant JACKSON agrees that the following are the facts of this case, although she acknowledges that, as to other facts, the parties may disagree:

> Beginning on a date no later than in or around February 2018, and continuing through in or around November 14, 2018, the defendant, TIARRA MAUREEN JACKSON, and Nathan Paul Barnes, knowingly and intentionally conspired to distribute at least 50 kilograms of marijuana, a Schedule I controlled substance, and a mixture and substance containing a detectible amount of psilocybin, a Schedule I controlled substance, all in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

14. This Agreement sets forth all the terms of the Deferred Prosecution Agreement between the United States and defendant JACKSON.  Other than this Agreement, no agreement, understanding, promise, or condition exists between the United States and defendant JACKSON.  Nor will any such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for such defendant, and counsel for the United States.  This Agreement supersedes any prior promises, agreements, or conditions between the United States and defendant JACKSON.

15. This Agreement is freely and voluntarily made and is not the result of force or threats, or of any promises apart from those specifically set forth in this Agreement.

16. Defendant JACKSON agrees that this Agreement, and an Order deferring prosecution, shall be filed with the United States District Court for the Eastern District of California, and shall become a part of the record of the case.

///
///
///
///
///
///
///
///

**APPROVALS AND SIGNATURES**

A.     TIARRA MAUREEN JACKSON:  I, Tiarra Maureen Jackson, hereby expressly acknowledge the following:  (1) I have read this entire Agreement; (2) I have had an opportunity to discuss this Agreement fully and freely with my attorney; (3) I understand each and every one of its terms; (4) I am fully satisfied with the advice and representation provided to me by my attorney; and (5) I have signed this agreement voluntarily.

Dated:  6/2/20                              By:  /s/
                                                         TIARRA MAUREEN
                                                         JACKSON
                                                         Defendant

B.     Defense Counsel:  The undersigned is counsel for TIARRA MAUREEN JACKSON.  In connection with such representation, I acknowledge that: (1) I have discussed this Agreement with my client; (2) I have fully explained each one of the Agreement's terms to my client; (3) I have fully answered each and every question put to me by my client regarding the Agreement; and (4) I believe my client completely understands all of the Agreement's terms.

Dated:  6/5/20                              By:  /s/ Kresta Nora Daly
                                                         KRESTA DALY
                                                         Attorney for Defendant

C.     Attorney for the United States: I accept and agree to this Agreement on behalf of the government.

Dated:  6/5/20                                       McGREGOR W. SCOTT
                                                              United States Attorney

                                                     By:  /s/ GRANT B. RABENN
                                                              GRANT B. RABENN
                                                              Assistant United States Attorney

///
///
///

DEFERRED PROSECUTION AGREEMENT                    )031146}5

D. United States District Court: The Court approves of this Agreement.

Dated: June 5, 2020

/s/ John A. Mendez
HONORABLE JOHN A. MENDEZ
UNITED STATES DISTRICT COURT JUDGE